888 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl S. PROCTOR-BEY, Plaintiff-Appellant,
v.
SIMMONS, Sgt., Mohan, Sgt., Newbecker, Sgt., Defendants-Appellees.
 No. 89-1071.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Carl S. Proctor-Bey, a pro se Michigan prisoner, appeals the district court's order dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Proctor-Bey sued three correctional officers of the Michigan Department of Corrections (MDOC), claiming that his fourteenth amendment rights were violated when defendants temporarily housed him in a detention cell rather than a "normal segregation cell" pending a major misconduct hearing. Plaintiff alleges that his eighth amendment rights were also violated during this five day period because he was denied privileges allowed other segregation status inmates. Defendants filed a motion for summary judgment to which plaintiff responded. The matter was referred to a magistrate whose report and recommendation the district court adopted over plaintiff's timely objections. Plaintiff made objections to the portion of the report concerning the fourteenth amendment violation only. This appeal followed.
 
 
 3
 Upon consideration, we conclude that summary judgment was properly entered for defendants as there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 
 4
 Clearly, plaintiff was not denied due process of law. There is no constitutionally protected right to be housed in a particular section in a prison. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). Further, the state of Michigan did not create a state-protected liberty interest in remaining in the general prison population. The state through Mich.Admin.Code r. 791.4405(1) did not place substantive limitations on official discretion with particularized standards which mandate a particular result. The state did not severely restrict prison officials in their use of discretion. Hence, plaintiff's claim was properly dismissed. Cf. Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904 (1989).
 
 
 5
 Even if a state-created liberty interest did exist, plaintiff received the process due him in this case. Proctor-Bey does not allege that he was denied notice of the reason for his placement in segregation, nor does he deny that he received a hearing. Instead, he alleges only that his placement in segregation occurred before a hearing was held. Such a claim does not state a constitutional violation. See Hewitt, 459 U.S. at 472 and 476 n. 8; Childs v. Pellegrin, 822 F.2d 1382, 1387-88 (6th Cir.1987).
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.